**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEHAL SINGH, | No. 12-71901 |
| Petitioner, | Agency No. A089-697-716 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Tehal Singh, a native and citizen of India, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT").   We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).

Substantial evidence supports the BIA's adverse credibility determination based on discrepancies between Singh's testimony and record evidence regarding whether he was a Christian in India and when his home was burned. *See id*.; *see also Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (inconsistency between testimonial and documentary evidence is proper basis for adverse credibility finding). Singh's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Further, substantial evidence also supports the BIA's finding that Singh has not otherwise established a well-founded fear of persecution country-wide if he returns to India as a Christian. *See* 8 C.F.R. § 1208.13(b)(2); *see also Prasad v. INS*, 47 F.3d 336, 337-38, 340 (9th Cir. 1995) (record must compel a finding of well-founded fear). Thus, Singh's asylum and withholding of removal claims fail.

Finally, Singh's CAT claim fails because it is based on the same evidence the agency found not credible, and he does not point to any other evidence in the record that compels the finding that it is more likely than not he would be tortured by or

12-71901

with the acquiescence of the government if returned to India. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**